IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MAWULE TEPE, )<br><br>Plaintiff, )<br><br>v. )<br><br>EMILY LOUISE NENNI, AND JAVITCH )<br>BLOCK LLC )<br><br>Defendants. ) | Case No.<br><br>**DEMAND OF JURY TRIAL** |

## COMPLAINT

1      Plaintiff Mawule TEPE (Plaintiff) filed a breach of contract lawsuits against the Law Firm Javitch Block LLC and Bank of America. Javitch Block LLC asked Mrs. Emily Louise NENNI, an Attorney at its Law Firm, to represent it in the lawsuits. Instead of Defending professionally its employer, Mrs. Attorney Emily Louise NENNI engaged in unethical and unlawful conducts. As direct and proximate results of Mrs. Emily Louise NENNI's unprofessional, dishonest, bad faith and fraudulent conducts, Plaintiff's case 1:21-cv-00040-CLC-SKL was unjustly dismissed and the case 1:22-cv-00111-CLC-SKL went on appeal. Plaintiff was harmed financially, emotionally, morally and Plaintiff has seen its reputation compromised. Plaintiff would like to hold Mrs. Attorney Emily Louise NENNI liable for her unlawful actions. Javitch Block LLC is vicariously liable for Mrs. Emily Louise NENNI's unethical actions, but because of conspiracy involment, both are personally and/or vicariously liable. As set forth below, Plaintiff believes the following facts constitute, Perjury, False Statement, Abuse of Process , Fraud, Fraudulent Concealment, Justice Obstruction, Violation of Attorney's Professional and ethical Conducts Rules, and Intentional Infliction of Emotional Distress.

FILED

OCT 1 8 2022

Clerk, U. S. District Court
At Chattanooga

1

## PARTIES

**2.**        Plaintiff, Mawule TEPE resides at 3403 Peerless RD NW Apt. G, Cleveland, Bradley County, TN, 37312, Telephone number +1 423 994 3805.

**3**        Defendant. Emily Louise NENNI, locates at 5409 Maryland Way, Suite 315 Brentwood TN 37027. Telephone number +1 865 805 9608.

**4**        Defendant. JAVITCH BLOCK LLC, locates at 1100 Superior Avenue, 19th Floor, Cleveland, OH, 44114. Telephone number +1 800 837 0109.

## JURIDICTION AND VENUE

**5**        Plaintiff brings this lawsuit before this Court upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties residencies are diverse as Javitch Block LLC is citizen of Ohio and Emily Louise NENNI resides in Tennessee, so does the Plaintiff, and the amount in controversy exceeds the statutory minimum of $75,000 exclusive of interest and costs

**6.**        Moreover, this Court has Supplemental Jurisdiction over this case hear State claims cause of action pursuant to 28 U.S. Code § 1367.

**7.**        Venue is proper in United States District Court for Eastern District of Tennessee under 28 U.S.C. § 1332(a).

## STATEMENT OF FACTS

**8**        On March 3, 2021, Plaintiff filed a lawsuit in the styled case 1:21-cv-00040-CLC-SKL (Doc. 1.) against Javitch Block LLC and Bank of America. On the same day of March 3, 2021, The District Court issued the Order Governing Motions to Dismiss signed by the U.S. District Judge Curtis L Collier on March 3, 2021 (ECF 4.) The order requires Parties to act in good faith when conferral is required. The Court has ordered that "a motion to dismiss must be accompanied

by a notice indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading." (Doc. 4.) A motion without a certification may be stricken. (Id.)

**9** On March 15, 2021, the counsel of Javitch Block LLC, Mrs. Emily Louise NENNI, emailed Mawule TEPE (ECF 11-1) requesting to review and to consent to the dismissal of his action against Javitch Block LLC. On March 20, 2021, Plaintiff replied back (ECF 11-1) requesting an appointment to hold a conference call to meet and to confer, but Javitch Block LLC did not respond to Plaintiff's request. On March 29, 2021, Javitch Block LLC unilaterally filed its motion to dismiss in bad faith, without conferring with Plaintiff. On March 30, 2021, the Counsel of Javitch Block LLC phoned the Plaintiff to confer about the motion to dismiss that it has already filed. Here, there is no question that the Counsel of Javitch block LLC violated the Order Governing Motion to Dismiss. Besides this, in its motion to dismiss' certification the Counsel of Javitch LLC, Mrs. Emily Louise NENNI, claimed having conferred with Plaintiff, and that Parties have been unable to agree that the pleading is curable by a permissible amendment even though that was not the case (ECF 11, Page 6.) For not having told the truth, the Counsel of Javitch LLC committed a perjury, and for having hidden the material facts about its true intent in its motion to dismiss' certification, the Counsel of Javitch LLC committed a fraud on the District Court, because it did not disclose that it filed its motion before seeking to confer with Plaintiff. Plaintiff opposed Javitch block LLC's motion to dismiss certification by telling exactly what happened (ECF 13, Page 2) but the issue went unnoticed since the defendant Javitch Block LLC's motion to dismiss was moot and denied because Plaintiff filed an amended complaint.

**10** On April 9, 2021, Plaintiff filed an amended complaint (Doc. 14.) On April 16, 2021, late in the afternoon, at 4:58 p.m. EST, the Counsel of Javitch Block LLC phoned Mawule TEPE regarding its intent to file a motion to dismiss Plaintiff's Amended Complaint, and wanted to

3

confer prior filing its motion to dismiss. The Counsel of Javitch Block LLC was in rush because the day was about to be over, and it wanted to file its motion to dismiss before the end of the day. Plaintiff was caught off guard without preparation and without having any time to review, to discuss, and to see whether he can eventually cure any deficiencies as presented in Javitch block LLC's motion to dismiss. Plaintiff voiced concern over the Counsel of Javitch Block LLC's conduct, and Plaintiff requested a copy of Javitch Block LLC's motion to dismiss for review first, but there was no time as the Counsel of Javitch Block LLC was in rush to file its motion. The call only lasted 2 minutes 17 seconds (See the last page of the EXHIBIT attached hereto), and ended without a proper "meet and confer" discussion. The Counsel of Javitch Block LLC emailed a copy of its motion to dismiss to the Plaintiff then, filed its motion to dismiss with bad faith right away (ECF 18, Page 6). In its motion to dismiss certification, Mrs. Emily Louise NENNI claimed having conferred with Plaintiff in good faith even though that was not the case.

**11**      On July 28, 2021, the Court dismissed Plaintiff's claims against Javitch Block LLC neither with prejudice, nor without prejudice, and on January 25, 2022, Plaintiff's claims against Bank of America were dismissed without prejudice.

**12**      On May 9, 2022 Plaintiff refiled the Complaint against the Defendants Bank of America and Javitch Block LLC in the styled case 1:22-cv-00111-CLC-SKL (ECF 1.)

**13**      On May 10, 2022 this Court issued an Order Governing Motions to Dismiss (ECF No. 6, PageID #: 37.) The Court has ordered that "a motion to dismiss must be accompanied by a notice indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading." (Doc. 6.) A motion without a certification may be stricken. (Id.) The Court expects parties to act in good faith when conferral is required.

**14**     On May 26, 2022 the Counsel of Javitch Block LLC, Mrs. Emily Louise NENNI, reached

out to Plaintiff on phone to meet and to confer. Since Plaintiff was at work and busy, and as he

cannot hold any conference at that specific time, Plaintiff asked the Counsel of Javitch Block to

email him a draft copy of its Motion to Dismiss and he will reach out to her back to hold a

conference call, and the Counsel of Javitch Block LLC emailed Plaintiff as requested. Plaintiff

replied to the Counsel of Javitch Block LLC via email, requesting to hold F.R.C.P. Rule 26

Conference simultaneously with Javitch Block LLC's Motion to Dismiss' conference's call since

the Rule 26 Conference requires Parties to hold the conference as soon as practicable, and the

F.R.C.P. Rule 12(b)(6) is not an exception to  F.R.C.P.  Rule 26 Conference. Plaintiff informed

the Counsel of Javitch Block LLC about his availability. Mrs. Emily Louise NENNI, Javitch Block

LLC's Counsel, refused to hold the F.R.C.P. Rule 26 conference simultaneously with Javitch

Block LLC's Rule 12(b)(6) Motion to Dismiss' conference. Mrs. Emily Louise NENNI wanted

Parties to wait until the Court rules on its motion to dismiss first.  The Counsel of Javitch Block

LLC's failure to compromise and its unilateral decision violates not only the F.R.C.P. Rule 26

requirements but also its unilateral decision violates the Order Governing Motion to Dismiss.

**15**     On May 27, 2022 Plaintiff emailed the Counsel of Javitch Block LLC agreeing to meet and

to confer regarding its Motion to Dismiss either on May 31, 2022 or on June 1, 2022 along with a

conference in regard to Plaintiff's Motion to Compel F.R.C.P. Rule 26 Conference. The Counsel

of Javitch Block LLC did not reply back by giving a silence treatment to the Plaintiff.

**16**     On June 3, 2022 the Defendant Javitch Block LLC filed with bad faith a Motion to Dismiss

Plaintiff's Complaint pursuant to Rule 12(b)(6) of Federal Rule Civil Procedure (case 1:22-cv-

00111, Doc 12) without any proof that shows it truly and honestly conferred with the Plaintiff.

The Defendant Javitch Block LLC has a burden of proof to demonstrate it conferred with Plaintiff

in Good Faith, but it failed to do so. The conference has not even happened since parties have a disagreement on how to schedule and to hold the conference(s), and this is not a synonym of: " […] … (Parties) *were unable to agree that the pleading was curable by a permissible amendment…* […]." as the Counsel of Javitch Block said in its motion to dismiss' certification (ECF 17, Page 8, PageID #: 156.).

**17**     Plaintiff would like to emphasis that Parties' meeting to confer pursuant to the Order Governing Motion to Dismiss has never happened because Parties (Mawule Tepe and Javitch Block LLC) have a disagreement on whether or not to hold the F.R.C.P. Rule 26 Conference simultaneously with Javitch Block LLC's Motion to Dismiss Conference. As Javitch Block LLC dishonestly, systematically and categorically declined to hold the F.R.C.P. Rule 26 Conference until this Court rules on its motion to dismiss, Plaintiff agreed to hold Javitch Block LLC's Motion to Dismiss' conference, but this latest refused by giving a silence treatment to the Plaintiff. On June 9, 2022 Plaintiff filed a timely Amended Complaint against both Defendants Bank of America and Javitch Block LLC pursuant to Fed. R. Civ. P. 15(a)(1)(B) (a plaintiff may amend a complaint once as a matter of course within twenty-one days of service of a motion under Rule 12(b)).

**18**     On June 15, 2022 The Court issued an Order denying the Defendant Javitch Block LLC's motion to dismiss as moot. On the same day of June 15, 2022 the Defendant Javitch Block LLC filed with a bad faith a Motion to Dismiss Plaintiff's Amended Complaint pursuant to F.R.C.P Rule 12(b)(6) without conferring with the Plaintiff to find out whether any further amendment could cure any eventual deficiency in Amended Complaint, but in the Certification, the Counsel of Defendant Javitch Block LLC claimed Parties were unable to agree that the pleading was curable by a permissible amendment as if it has even attempted to reach out to the Plaintiff. There is no communication between Plaintiff and Mrs. Emily Louise NENNI, the Counsel of Javitch

6

Block LLC, since May 27, 2022 because the Counsel of Javitch Block LLC no longer wants to talk to Plaintiff for dilatory games and obstruction of justice purposes.

**19** Defendants' conduct was unreasonable and outrageous and exceed the bound tolerated by decent society, and was willfully, maliciously, and deliberately to cause to the Plaintiff a severe emotional distress, and loss of enjoyment of life, so as to justify the award of punitive and exemplary damages. Defendants are liable for all torts they have caused the Plaintiff through their actions. Plaintiff experienced headaches and trouble sleeping at night due to Defendants unlawful, tortious and outrageous actions that Plaintiff keeps suffering of. Plaintiff was obliged to spend money to purchase pain and sleeping medicines. Plaintiff's incurred continuous damaged resulted from the breach of the contract, and Plaintiff's reputation was compromised. Plaintiff suffered and keeps suffering morally, emotionally and financially.

**20** Mrs. Emily Louise NENNI is liable for her tortious actions, and Javitch Block LLC is vicariously liable for Mrs. Emily Louise NENNI's actions. Although the lawyer's relationship with his client is said to be personal, the courts have repeatedly recognized that the employment of one member of a law firm is the employment of the entire firm. E.g., S.C.A. Services, Inc. v. Morgan, 557 F.2d 110, 114 (7th Cir. 1977); Sellers v. State, 56 Ala. App. 367, 368, 321 So. 2d 706, 707 (Ala. Crim. App. 1975); Ganzer v. Schiffbauer, 40 Neb. 633, 634, 59 N.W. 98, 100 (1894).

**21** In *Abshure v. Methodist Healthcare-Methodist Hospitals*, 325 S.W.3d 98 (Tenn. Oct. 20, 2010), the Tennessee Supreme Court clarified and expanded the situations in which an employer can be held vicariously liable for the acts of its employees. To hold the principal vicariously liable, Plaintiff must establish: (1) the agent is liable for the tort; (2) the agent is not immune under the common law or by statute; or (3) the injured party does not extinguishes the agent's liability by settling with the agent. As presented above, Mrs. Emily Louise NENNI is liable for the torts, and

for having committed perjury, and false statement 4 consecutive times, Mrs. Emily Louise NENNI is exempted and not immune under the common law or by statute since her action is intentional, and lastly, Plaintiff has not extinguished Mrs. Emily Louise NENNI's liability by settling the case with her. Thus, the Law Firm Javitch LLC is vicariously liable for the action of Attorney Mrs. Emily Louise NENNI.

**22**      Under common law, a member of a conspiracy may be held vicariously liable for the crimes of co-conspirators if their crimes were foreseeable and committed with the intent of furthering the objective of the conspiracy. As presented above, Mrs. Emily Louise NENNI made false statement in her motion to dismiss' certification 4 consecutive times, and committed a perjury to cover up the unlawful action of her employer Javitch Block LLC, and to have Plaintiff's complaint dismissed, and this is foreseeable, and she repeated the same action 4 times. She succeeded to have Plaintiff's case 1:21-cv-00040 dismissed, and Plaintiff's case 1:22-cv-00111 went on appeal. Thus, Mrs. Emily Louise NENNI is also a co-conspirator liable under Tennessee common law.

**23**      Under Tenn. Code Ann. § 28-3-105, a Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefore, when no other time of limitation is fixed by the statute creating such liability.

**24**      Based on above facts and laws, Javitch Block LLC and its counsel Mrs. Emily Louise NENNI are either personally and/or vicariously liable for the tortious action of one another pursuant to the doctrine of conspiracy. Since both Mrs. Emily Louise NENNI and Javitch Block LLC conspired to dismiss plaintiff's cases unjustly, the following cause of actions are against both.

8

## FIRST CAUSE OF ACTION

### Conspiracy Involving Wrongful Collusion

**25**      Plaintiff repeats, reiterates, incorporates by reference, and re-alleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length set forth here.

**26**      By definition, an actionable civil conspiracy is:

> A combination of two or more persons who, each having the intent and knowledge of the other's intent, accomplish by concert an unlawful purpose, or accomplish a lawful purpose by unlawful means, which results in damage to the plaintiff.'*Trau-Med of America, Inc.*, 71 S.W.3d at 703; see *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 67 (Tenn. 2001) (citing Dale v. Thomas H. Temple Co., 208 S.W.2d 344, 353 (Tenn. 1948)).

The elements for civil conspiracy under Tennessee common law, therefore, are:

> (1) A common design between two or more persons;
> (2) To accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means;
> (3) An overt act in furtherance of the conspiracy; and
> (4) Injury to person or property resulting in attendant damage. *Braswell v. Carothers*, 863 S.W.2d 722, 727 (Tenn. Ct. App. 1993).

In addition, civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. *Morgan v. Brush Wellman, Inc.*, 165 F.Supp.2d 704, 721 (E.D. Tenn. 2001) (citing *Tenn. Publ'g Co. v. Fitzhugh*, 52 S.W.2d 157, 158 (Tenn. 1932))." 2009 WL 113242 at *16.

**27**      Defendant Bank of America, represented by the Law Firm Javitch Block LLC, and the Plaintiff, entered into a contract by voluntarily signing the binding Agreed Order issued on April 3, 2018 in the Debt Collection Action Case No: 2018CV54. On around November 2019, Javitch Block LLC conspired with Bank of America and breached the contract for their own unlawful pecuniary gain. Plaintiff Mawule TEPE brought a lawsuit against both Javitch Block LLC and Bank of America. Javitch Block LLC asked its employee, Attorney Mrs. Emily Louise NENNI to represent Javitch Block LLC's in the lawsuit.

9

**28**     Mrs. Emily Louise NENNI convenes with her employer Javitch Block LLC to use all means including unlawful and criminal ones to get Plaintiff's claims against it dismissed in order not to see Javitch Block LLC being held liable for its criminal and tortious actions.

**29**     As presented above, Mrs. Emily Louise NENNI took an overt act by lying, making false statements, and committing perjury 4 consecutive times in its motion to dismiss certifications, and she succeeded to mislead the USDC by having Plaintiff's case 1:21-cv-00040 dismissed, and Plaintiff's case 1:22-cv-00111 went on appeal.

**30**     As a direct and proximate result of Mrs. Emily Louise NENNI and Javitch Block LLC conspiracy, fraudulent, abusive actions, Plaintiff has suffered actual losses and damages. Plaintiff suffered emotionally, financially and morally. Plaintiff's cases' resolution was delayed; Plaintiff's complaint case 1:21-cv-00040 was dismissed, and Plaintiff's case 1:22-cv-00111 went on appeal. Since Javitch Block LLC and Mrs. Emily Louise NENNI conspired to have plaintiff's case dismissed to obstruct justice, both are either personally and/or vicariously liable for their unlawful action. There is no legal justification for Defendants' action.

**31**     In Tennessee, under T.C.A § 28-3-105, a Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefore, when no other time of limitation is fixed by the statute creating such liability. Thus, Javitch Block LLC and Mrs. Emily Louise NENNI are liable under T.C.A § 28-3-105 for their tortious actions that caused prejudices to Plaintiff.

## SECOND CAUSE OF ACTION
### Perjury

**32**     Plaintiff repeats, reiterates, incorporates by reference, and re-alleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length set forth here.

**33**     The criminal offense of perjury consists of making a false statement under oath, either in writing or verbally, that one knows is false, and that is material to the proceedings in which the statement is made with the intent to defraud. The Federal law prohibits perjury, 18 U.S.C. § 1621, as well as other false declarations before federal courts. § 1623. See Dunn v. U.S., 442 U.S. 100 (1979).

**34**     Federal law defines two types of perjury, each of which has multiple elements. The first type of perjury involves statements made under oath, and requires proof that:

- A person took an oath to truthfully testify, declare, depose, or certify, verbally or in writing;
- The person made a statement that was not true;
- The person knew the statement to be untrue;
- The person made the false statement willfully; and
- The subject matter of the statement was material to the proceeding in which it was made.

**35**     As presented above, Mrs. Emily Louise NENNI took an overt act by lying, making false statements, and committing perjury 4 consecutive times in Javitch Block LLC's motion to dismiss certifications, and she succeeded to mislead the USDC by having Plaintiff's case 1:21-cv-00040 dismissed. Besides this, she repeated the same action and Plaintiff's case 1:22-cv-00111 went on appeal. Here, Mrs. Emily Louise NENNI certified in writing that she conferred with Plaintiff in both cases even though the evidences show otherwise. Her statement was not true, and she knew the statement was untrue but she made it anyway, and the false statement is material to the proceeding in both cases 1:21-cv-00040 and 1:22-cv-00111. The material false statement affected the course or outcome of the proceedings in both cases." The U.S. Supreme Court defined the material false statement, in *Kungys v. United States*, as a statement that "has a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed."(Internal quotation marks omitted). The motion to dismiss certification' statement is

subject matter and material to the proceeding in which it was made. Mrs. Emily Louise NENNI and Javitch Block LLC made the false statement to mislead the USDC in its ruling, and as result, their motion to dismiss was not denied, but Plaintiff's claims against Javitch Block LLC were dismissed in the styled cases 1:21-cv-00040. Mrs. Emily Nenni's action is intentional and willful.

36      As a direct and proximate result of Mrs. Emily Louise NENNI and Javitch Block LLC conspiracy, fraudulent, abusive actions, Plaintiff has suffered actual losses and damages. Plaintiff suffered emotionally, financially and morally. Plaintiff's cases' resolution was delayed; Plaintiff's complaint case 1:21-cv-00040 was dismissed, and Plaintiff's case 1:22-cv-00111 went on appeal. Since Javitch Block LLC and Mrs. Emily Louise NENNI conspired to have plaintiff's case dismissed to obstruct justice, both are either personally and/or vicariously liable for their unlawful action. There is no legal justification for Defendants' action. Defendants' action is not by mistakes and they repeated the same action 4 times. Lawyers' immunity rule cannot be applied here since their action is intentional and willful during the proceeding in USDC.

37      Both Defendants violated 18 U.S.C. § 1621, and in Tennessee, under T.C.A § 28-3-105, a Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefore, when no other time of limitation is fixed by the statute creating such liability. Thus, Javitch Block LLC and Mrs. Emily Louise NENNI are liable under T.C.A § 28-3-105 for their tortious actions that caused prejudices to Plaintiff.

38      Plaintiff respectfully requests a disciplinary action against the Law Firm Javitch Block LLC and the Attorney Mrs. Emily Louise NENNI.

### **THIRD CAUSE OF ACTION**
#### **False Statement (18 U.S.C. § 1001)**

39      Plaintiff repeats, reiterates, incorporates by reference, and re-alleges each and every

12

allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length set forth here.

**40**    To prove a false statement in violation of 18 U.S.C. § 1001, theplaintiff must show that the defendant: (1) knowingly and willfully, (2) made a statement, (3) in relation to a matter within the jurisdiction of a department or agency of the United States, (4) with knowledge of its falsity." United States v. Duclos, 214 F.3d 27, 33 (1st Cir. 2000).

**41**    As presented above, Mrs. Emily Louise NENNI took an overt act by lying, making false statements, and committing perjury 4 consecutive times in Javitch Block LLC's motion to dismiss certifications, and she succeeded to mislead the USDC by having Plaintiff's case 1:21-cv-00040 dismissed. Besides this, she repeated the same action and Plaintiff's case 1:22-cv-00111 went on appeal. Here, Mrs. Emily Louise NENNI certified in writing that she conferred with Plaintiff in both cases even though the evidences show otherwise. Her statement was not true, and she knew the statement was untrue but she made it anyway, and the false statement is material to the proceeding in both cases 1:21-cv-00040 and 1:22-cv-00111. The material false statement affected the course or outcome of the proceedings in both cases." The U.S. Supreme Court defined the material false statement, in *Kungys v. United States*, as a statement that "has a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed."(Internal quotation marks omitted). The motion to dismiss certification' statement is subject matter and material to the proceeding in which it was made. Mrs. Emily Louise NENNI and Javitch Block LLC made the false statement to mislead the USDC in its ruling, and as result, their motion to dismiss was not denied, but Plaintiff's claims against Javitch Block LLC were dismissed in the styled cases 1:21-cv-00040.

**42**    As a direct and proximate result of Mrs. Emily Louise NENNI and Javitch Block LLC

conspiracy, fraudulent, abusive actions, Plaintiff has suffered actual losses and damages. Plaintiff suffered emotionally, financially and morally. Plaintiff's cases' resolution was delayed; Plaintiff's complaint case 1:21-cv-00040 was dismissed, and Plaintiff's case 1:22-cv-00111 went on appeal. Since Javitch Block LLC and Mrs. Emily Louise NENNI conspired to have plaintiff's case dismissed to obstruct justice, both are either personally and/or vicariously liable for their unlawful action. There is no legal justification for Defendants' action. Defendants' action is not by mistakes and they repeated the same action 4 times. Lawyers' immunity rule cannot be applied here since their action is intentional and willful during the proceeding in USDC.

**43**      Both Defendants violated 18 U.S.C. § 1001, and in Tennessee, under T.C.A § 28-3-105, a Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefore, when no other time of limitation is fixed by the statute creating such liability. Thus, Javitch Block LLC and Mrs. Emily Louise NENNI are liable under T.C.A § 28-3-105 for their tortious actions that caused prejudices to Plaintiff.

**44**      Plaintiff respectfully request a disciplinary action against the Law Firm Javitch Block LLC and the Attorney Mrs. Emily Louise NENNI.

### FOURTH CAUSE OF ACTION
#### Obstruction of Justice

**45**      Plaintiff repeats, reiterates, incorporates by reference, and re-alleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length set forth here.

**46**      18 U.S.C. § 1503 defines "obstruction of justice" as an act that "corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice."

**47** For a person to be convicted of obstructing justice, there are two essential elements: (1) The defendant must have knowledge of an investigation or criminal proceeding; and (2) The defendant must attempt to influence an investigation or criminal proceeding. Additionally, there must be specific intent to obstruct the proceeding; and, there must be a connection between the obstruction attempt and the proceeding that the defendant had knowledge of.

**48** As presented above, Mrs. Emily Louise NENNI took an overt act by lying, making false statements, and committing perjury 4 consecutive times in Javitch Block LLC's motion to dismiss certifications, and she succeeded to mislead the USDC by having Plaintiff's case 1:21-cv-00040 dismissed. Besides this, she repeated the same action and Plaintiff's case 1:22-cv-00111 went on appeal. Here, Mrs. Emily Louise NENNI certified in writing that she conferred with Plaintiff in both cases even though the evidences show otherwise. Her statement was not true, and she knew the statement was untrue but she made it anyway, and the false statement is material to the proceeding in both cases 1:21-cv-00040 and 1:22-cv-00111. The material false statement affected the course or outcome of the proceedings in both cases." The U.S. Supreme Court defined the material false statement, in *Kungys v. United States*, as a statement that "has a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed."(Internal quotation marks omitted). The motion to dismiss certification' statement is subject matter and material to the proceeding in which it was made. Mrs. Emily Louise NENNI and Javitch Block LLC made the false statement to mislead the USDC in its ruling, and as result, their motion to dismiss was not denied, but Plaintiff's claims against Javitch Block LLC were dismissed in the styled cases 1:21-cv-00040.

**49** As a direct and proximate result of Mrs. Emily Louise NENNI and Javitch Block LLC conspiracy, fraudulent, abusive actions, Plaintiff has suffered actual losses and damages. Plaintiff

15

suffered emotionally, financially and morally. Plaintiff's cases' resolution was delayed; Plaintiff's complaint case 1:21-cv-00040 was dismissed, and Plaintiff's case 1:22-cv-00111 went on appeal. Since Javitch Block LLC and Mrs. Emily Louise NENNI conspired to have plaintiff's case dismissed to obstruct justice, both are either personally and/or vicariously liable for their unlawful action. There is no legal justification for Defendants' action. Defendants' action is not by mistakes and they repeated the same action 4 times. Lawyers' immunity rule cannot be applied here since their action is intentional and willful during the proceeding in USDC.

**50**     As presented above, Plaintiff's cases 1:21-cv-00040, and 1:22-cv-00111 were respectively pending when Javitch Block LLC and/or Mrs. Emily Louise NENNI lied about the motionto dismiss' certification which means that both proceedings were actually pending respectively at the time when the action took place in both cases' respective time period. Besides this, there is a connection between the endeavor to obstruct justice and the proceeding since Defendants succeeded to have Plaintiff's case 1:21-cv-00040 dismissed, and 1:22-cv-00111 went on appeal. Defendants lied and misled the USDC to obstruct justice or to delay justice as long as they can, and Javitch Block LLC and/or Mrs. Emily Louise NENNI have knowledge with a substantial certainty of the outcome of their unlawful action. Should they declare in their motion to dismiss' certification that Javitch Block LLC did not confer with Plaintiff, the USDC would not have dismissed Plaintiff's claims against Javitch Block LLC. This is a fraud and fraudulent concealment since they hid their true intent of delaying justice or obstruct justice through their perjury and false statement in Javitch Block LLC's motion to dismiss certification. Having a hidden intent to defraud the USDC is a fraud and they took overt act to conceal their fraudulent intent.

**51**     Both Defendants violated 18 U.S.C. § 1505, and in Tennessee, under T.C.A § 28-3-105, a Civil actions based upon the alleged violation of any federal or state statute creating monetary

16

liability for personal services rendered, or liquidated damages or other recovery therefore, when no other time of limitation is fixed by the statute creating such liability. Thus, Javitch Block LLC and Mrs. Emily Louise NENNI are liable under T.C.A § 28-3-105 for their tortious actions that caused prejudices to Plaintiff.

**52**      Plaintiff respectfully requests a disciplinary action against the Law Firm Javitch Block LLC and the Attorney Mrs. Emily Louise NENNI.

## FIFTH CAUSE OF ACTION
### Fraudulent Concealment

**53**      Plaintiff repeats, reiterates, incorporates by reference, and re-alleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length set forth here.

**54**      As the Tennessee Supreme Court explained, "[t]he tort of fraudulent concealment is committed when a party who has a duty to disclose a known fact or condition fails to do so, and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury." Chrisman v. Hill Home Dev., Inc., 978 S.W.2d 535, 538-39 (Tenn. 1998) (citing Simmons v. Evans, 206 S.W.2d 295, 296 (1947)).

**55**      As presented above, Mrs. Emily Louise NENNI took an overt act by lying, making false statements, and committing perjury 4 consecutive times in Javitch Block LLC's motion to dismiss certifications, and she succeeded to mislead the USDC by having Plaintiff's case 1:21-cv-00040 dismissed. Besides this, she repeated the same action and Plaintiff's case 1:22-cv-00111 went on appeal. Here, Mrs. Emily Louise NENNI certified in writing that she conferred with Plaintiff in both cases even though the evidences show otherwise. Her statement was not true, and she knew the statement was untrue but she made it anyway, and the false statement is material to the proceeding in both cases 1:21-cv-00040 and 1:22-cv-00111. The material false statement affected

17

the course or outcome of the proceedings in both cases." The U.S. Supreme Court defined the material false statement, in *Kungys v. United States*, as a statement that "has a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed."(Internal quotation marks omitted). The motion to dismiss certification' statement is subject matter and material to the proceeding in which it was made. Mrs. Emily Louise NENNI and Javitch Block LLC made the false statement to mislead the USDC in its ruling, and as result, their motion to dismiss was not denied, but Plaintiff's claims against Javitch Block LLC were dismissed in the styled cases 1:21-cv-00040.

56     As a direct and proximate result of Mrs. Emily Louise NENNI and Javitch Block LLC conspiracy, fraudulent, abusive actions, Plaintiff has suffered actual losses and damages. Plaintiff suffered emotionally, financially and morally. Plaintiff's cases' resolution was delayed; Plaintiff's complaint case 1:21-cv-00040 was dismissed, and Plaintiff's case 1:22-cv-00111 went on appeal. Since Javitch Block LLC and Mrs. Emily Louise NENNI conspired to have plaintiff's case dismissed to obstruct justice, both are either personally and/or vicariously liable for their unlawful action. There is no legal justification for Defendants' action. Defendants' action is not by mistakes and they repeated the same action 4 times. Lawyers' immunity rule cannot be applied here since their action is intentional and willful during the proceeding in USDC.

57     As presented above, Plaintiff's cases 1:21-cv-00040, and 1:22-cv-00111 were respectively pending when Javitch Block LLC and/or Mrs. Emily Louise NENNI lied about the motion to dismiss' certification which means that both proceedings were actually pending respectively at the time when the action took place in both cases' respective time period. Besides this, there is a connection between the endeavor to obstruct justice and the proceeding since Defendants succeeded to have Plaintiff's case 1:21-cv-00040 dismissed, and 1:22-cv-00111 went on appeal.

Defendants lied and misled the USDC to obstruct justice or to delay justice as long as they can, and Javitch Block LLC and/or Mrs. Emily Louise NENNI have knowledge with a substantial certainty of the outcome of their unlawful action. Should they declare in their motion to dismiss' certification that Javitch Block LLC did not confer with Plaintiff, the USDC would not have dismissed Plaintiff's claims against Javitch Block LLC. This is a fraud and fraudulent concealment since they hid their true intent of delaying justice or obstruct justice through their perjury and false statement in Javitch Block LLC's motion to dismiss certification. Having a hidden intent to defraud the USDC is a fraud and they took overt act or affirmative action to conceal their fraudulent intent to impede justice by lying in the motion to dismiss certification. Even though Defendants have the obligation and duty to tell the truth during the litigation proceeding, they lied. Plaintiff's cases get delayed as result of Defendants action.

**58**      In Tennessee, under T.C.A § 28-3-105, a Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefore, when no other time of limitation is fixed by the statute creating such liability. Thus, Javitch Block LLC and Mrs. Emily Louise NENNI are liable under T.C.A § 28-3-105 for their tortious actions that caused prejudices to Plaintiff.

**59**      Plaintiff respectfully requests a disciplinary action against the Law Firm Javitch Block LLC and the Attorney Mrs. Emily Louise NENNI.

**SIXTH CAUSE OF ACTION**

**Abuse of Process**

**60**      Plaintiff repeats, reiterates, incorporates by reference, and re-alleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length set forth here.

**61**      The conduct of Mrs. Emily Louise NENNI/Javitch Block LLC Law Firm throughout both

19

cases 1:21-cv-00040 and 1:22-cv-00111 proceedings including constitute an abuse of process (since Javitch block LLC made false statement and committed perjury 4 consecutive times), a tort that remedies are recognized in Tennessee. See *Priest v. Union Agency*, [125 S.W.2d 142 (Tenn. 1939)]. As this Court has acknowledged, 'the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish.' *Bell ex rel. Snyder*, 986 S.W.2d at 555 (quoting *W. Page Keeton et al.*, [Prosser and Keeton on the Law of Torts] § 121, at 897 (5th ed. 1984)). To this end, a plaintiff must establish by evidence two elements to recover for abuse of process: '(1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge.' Id. (quoting Priest, [125 S.W.2d at 143]); see also Donaldson, 557 S.W.2d at 62." 75 S.W.3d at 400-01.

**62**      As presented above, Mrs. Emily Louise NENNI took an overt act by lying, making false statements, and committing perjury 4 consecutive times in Javitch Block LLC's motion to dismiss certifications, and she succeeded to mislead the USDC by having Plaintiff's case 1:21-cv-00040 dismissed. Besides this, she repeated the same action and Plaintiff's case 1:22-cv-00111 went on appeal. Here, Mrs. Emily Louise NENNI certified in writing that she conferred with Plaintiff in both cases even though the evidences show otherwise. Her statement was not true, and she knew the statement was untrue but she made it anyway, and the false statement is material to the proceeding in both cases 1:21-cv-00040 and 1:22-cv-00111. The material false statement affected the course or outcome of the proceedings in both cases." The U.S. Supreme Court defined the material false statement, in *Kungys v. United States*, as a statement that "has a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed."(Internal quotation marks omitted). The motion to dismiss certification' statement is

subject matter and material to the proceeding in which it was made. Mrs. Emily Louise NENNI and Javitch Block LLC made the false statement to mislead the USDC in its ruling, and as result, their motion to dismiss was not denied, but Plaintiff's claims against Javitch Block LLC were dismissed in the styled cases 1:21-cv-00040.

**63**     As a direct and proximate result of Mrs. Emily Louise NENNI and Javitch Block LLC conspiracy, fraudulent, abusive actions, Plaintiff has suffered actual losses and damages. Plaintiff suffered emotionally, financially and morally. Plaintiff's cases' resolution was delayed; Plaintiff's complaint case 1:21-cv-00040 was dismissed, and Plaintiff's case 1:22-cv-00111 went on appeal. Since Javitch Block LLC and Mrs. Emily Louise NENNI conspired to have plaintiff's case dismissed to obstruct justice, both are either personally and/or vicariously liable for their unlawful action. There is no legal justification for Defendants' action. Defendants' action is not by mistakes and they repeated the same action 4 times. Lawyers' immunity rule cannot be applied here since their action is intentional and willful during the proceeding in USDC.

**64**     As presented above, Plaintiff's cases 1:21-cv-00040, and 1:22-cv-00111 were respectively pending when Javitch Block LLC and/or Mrs. Emily Louise NENNI lied about the motionto dismiss' certification which means that both proceedings were actually pending respectively at the time when the action took place in both cases' respective time period. Besides this, there is a connection between the endeavor to obstruct justice and the proceeding since Defendants succeeded to have Plaintiff's case 1:21-cv-00040 dismissed, and 1:22-cv-00111 went on appeal. Defendants lied and misled the USDC to obstruct justice or to delay justice as long as they can, and Javitch Block LLC and/or Mrs. Emily Louise NENNI have knowledge with a substantial certainty of the outcome of their unlawful action. Should they declare in their motion to dismiss' certification that Javitch Block LLC did not confer with Plaintiff, the USDC would not have

dismissed Plaintiff's claims against Javitch Block LLC. This is a fraud and fraudulent concealment since they hid their true intent of delaying justice or obstruct justice through their perjury and false statement in Javitch Block LLC's motion to dismiss certification. Having a hidden intent to defraud the USDC is a fraud and they took overt act or affirmative action to conceal their fraudulent intent to impede justice by lying in the motion to dismiss certification. Even though Defendants have the obligation and duty to tell the truth during the litigation proceeding, they lied. Plaintiff's cases get delayed as result of Defendants action.

65     The motion to dismiss' certification is meant to help out Parties to work out the complaint's defects if needed, and the motion to dismiss is also discourage when an amendment could cure the defect in the complaint.  The motion to dismiss' certification is not meant to trick or mislead the court in its ruling, but Javitch Block LLC and Mrs. Emily Louise NENNI used it to impede and obstruct justice by having Plaintiff's case 1:21-cv-00040 dismissed, and they repeated the same action 4 consecutive times. This is an abuse of process. Plaintiff's case resolution was delayed as result of Defendants' abusive conducts.

**66**     In Tennessee, under T.C.A § 28-3-105, a Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefore, when no other time of limitation is fixed by the statute creating such liability. Thus, Javitch Block LLC and Mrs. Emily Louise NENNI are liable under T.C.A § 28-3-105 for their tortious actions that caused prejudices to Plaintiff.

**66**     Plaintiff respectfully requests a disciplinary action against the Law Firm Javitch Block LLC and the Attorney Mrs. Emily Louise NENNI.

22

## SEVENTH CAUSE OF ACTION

### Common Law Action for Fraud

**67**     Plaintiff repeats, reiterates, incorporates by reference, and re-alleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length set forth here.

**68**     The Common law action for fraud is stipulated as follow:

> When a party intentionally misrepresents a material fact or produces a false impression in order to mislead another or to obtain an undue advantage over him, there is a positive fraud. The representation must have been made with knowledge of its falsity and with a fraudulent intent. The representation must have been to an existing fact which is material and the plaintiff must have reasonably relied upon that misrepresentation to his injury.

First Nat'l Bank v. Brooks Farms, 821 S.W.2d 925, 927 (Tenn. 1991) (quoting Haynes v. Cumberland Builders, Inc., 546 S.W.2d 228, 232 (Tenn. Ct. App. 1976)); see also Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992); Dobbs v. Guenther, 846 S.W.2d 270, 274 (Tenn. Ct. App. 1993). 'Tennessee courts have recognized that fraud by its nature is often difficult to prove and thus may be properly proved by wholly circumstantial evidence.' Edwards v. Travelers Ins. of Hartford, 563 F.2d 105, 112 (6th Cir. 1977) (citing Parrott v. Parrott, 48 Tenn. 681, 687 (1870))." 42 S.W.3d at 67-68. A client's fraud is not easily imputed to an attorney. However, a fraudulent scheme that depends upon an attorney's services can lead to common law fraud liability. See Golden First Mortgage Co. v. Berger, 251 F,Supp.2d 1132 (E.D.N.Y. 2003).

**69**     Plaintiff repeats, reiterates, incorporates by reference, and re-alleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length set forth here.

**70**     As the Tennessee Supreme Court explained, "[t]he tort of fraudulent concealment is committed when a party who has a duty to disclose a known fact or condition fails to do so, and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury."

23

Chrisman v. Hill Home Dev., Inc., 978 S.W.2d 535, 538-39 (Tenn. 1998) (citing Simmons v. Evans, 206 S.W.2d 295, 296 (1947)).

**71**     As presented above, Mrs. Emily Louise NENNI took an overt act by lying, making false statements, and committing perjury 4 consecutive times in Javitch Block LLC's motion to dismiss certifications, and she succeeded to mislead the USDC by having Plaintiff's case 1:21-cv-00040 dismissed. Besides this, she repeated the same action and Plaintiff's case 1:22-cv-00111 went on appeal. Here, Mrs. Emily Louise NENNI certified in writing that she conferred with Plaintiff in both cases even though the evidences show otherwise. Her statement was not true, and she knew the statement was untrue but she made it anyway, and the false statement is material to the proceeding in both cases 1:21-cv-00040 and 1:22-cv-00111. The material false statement affected the course or outcome of the proceedings in both cases." The U.S. Supreme Court defined the material false statement, in *Kungys v. United States*, as a statement that "has a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed."(Internal quotation marks omitted). The motion to dismiss certification' statement is subject matter and material to the proceeding in which it was made. Mrs. Emily Louise NENNI and Javitch Block LLC made the false statement to mislead the USDC in its ruling, and as result, their motion to dismiss was not denied, but Plaintiff's claims against Javitch Block LLC were dismissed in the styled cases 1:21-cv-00040.

**72**     As a direct and proximate result of Mrs. Emily Louise NENNI and Javitch Block LLC conspiracy, fraudulent, abusive actions, Plaintiff has suffered actual losses and damages. Plaintiff suffered emotionally, financially and morally. Plaintiff's cases' resolution was delayed; Plaintiff's complaint case 1:21-cv-00040 was dismissed, and Plaintiff's case 1:22-cv-00111 went on appeal. Since Javitch Block LLC and Mrs. Emily Louise NENNI conspired to have plaintiff's case

24

dismissed to obstruct justice, both are either personally and/or vicariously liable for their unlawful action. There is no legal justification for Defendants' action. Defendants' action is not by mistakes and they repeated the same action 4 times. Lawyers' immunity rule cannot be applied here since their action is intentional and willful during the proceeding in USDC.

**73** As presented above, Plaintiff's cases 1:21-cv-00040, and 1:22-cv-00111 were respectively pending when Javitch Block LLC and/or Mrs. Emily Louise NENNI lied about the motionto dismiss' certification which means that both proceedings were actually pending respectively at the time when the action took place in both cases' respective time period. Besides this, there is a connection between the endeavor to obstruct justice and the proceeding since Defendants succeeded to have Plaintiff's case 1:21-cv-00040 dismissed, and 1:22-cv-00111 went on appeal. Defendants lied and misled the USDC to obstruct justice or to delay justice as long as they can, and Javitch Block LLC and/or Mrs. Emily Louise NENNI have knowledge with a substantial certainty of the outcome of their unlawful action. Should they declare in their motion to dismiss' certification that Javitch Block LLC did not confer with Plaintiff, the USDC would not have dismissed Plaintiff's claims against Javitch Block LLC. This is a fraud and fraudulent concealment since they hid their true intent of delaying justice or obstruct justice through their perjury and false statement in Javitch Block LLC's motion to dismiss certification. Having a hidden intent to defraud the USDC is a fraud and they took overt act or affirmative action to conceal their fraudulent intent to impede justice by lying in the motion to dismiss certification. Even though Defendants have the obligation and duty to tell the truth during the litigation proceeding, they lied. Plaintiff's cases get delayed as result of Defendants action.

**74** In Tennessee, under T.C.A § 28-3-105, a Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or

25

liquidated damages or other recovery therefore, when no other time of limitation is fixed by the statute creating such liability. Thus, Javitch Block LLC and Mrs. Emily Louise NENNI are liable under T.C.A § 28-3-105 for their tortious actions that caused prejudices to Plaintiff.

75        Plaintiff respectfully requests a disciplinary action against the Law Firm Javitch Block LLC and the Attorney Mrs. Emily Louise NENNI.

**EIGHTTH CAUSE OF ACTION**

**Professional Misconduct involving Bad Faith, Dishonesty, Perjury and Fraud**

76        Plaintiff repeats, reiterates, incorporates by reference, and re-alleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length set forth here.

77        Under Tennessee Courts Rules of Professional Conduct, TN Courts Rule 8, a lawyer conduct must be ethical and professional. A lawyer's conduct should conform to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs. A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others. A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers, and public officials. While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process.

78        As presented above, Mrs. Emily Louise NENNI and Javitch Block LLC have repeatedly engaged in actions that constitutes Conspiracy Involving Wrongful Collusion, Perjury, False Statement, Obstruction of Justice, Fraudulent Concealment, Abuse of Process, fraud and Bad Faith. These actions are prohibited under Tennessee Courts Rule 8, Rules of Professional Conduct.

79        As a direct and proximate result of Mrs. Emily Louise NENNI and Javitch Block LLC conspiracy, fraudulent, abusive actions, Plaintiff has suffered actual losses and damages. Plaintiff

suffered emotionally, financially and morally. Plaintiff's cases' resolution was delayed; Plaintiff's complaint case 1:21-cv-00040 was dismissed, and Plaintiff's case 1:22-cv-00111 went on appeal. Since Javitch Block LLC and Mrs. Emily Louise NENNI conspired to have plaintiff's case dismissed to obstruct justice, both are either personally and/or vicariously liable for their unlawful action. There is no legal justification for Defendants' action. Defendants' action is not by mistakes and they repeated the same action 4 times. Lawyers' immunity rule cannot be applied here since their action is intentional and willful during the proceeding in USDC.

80      In Tennessee, under T.C.A § 28-3-105, a Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefore, when no other time of limitation is fixed by the statute creating such liability. Thus, Javitch Block LLC and Mrs. Emily Louise NENNI are liable under T.C.A § 28-3-105 for their tortious actions that caused prejudices to Plaintiff.

81      Plaintiff respectfully requests a disciplinary action against the Law Firm Javitch Block LLC and the Attorney Mrs. Emily Louise NENNI.

## NINETH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress.

82      Plaintiff repeats, reiterates, incorporates by reference, and re-alleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length set forth here.

83      Javitch Block LLC and Mrs. NENNI's conduct caused Plaintiff to suffer severe emotional distress;

84      Javitch Block LLC and Mrs. NENNI's conduct was outrageous because it goes beyond all possible bounds of decency. Javitch Block LLC and Mrs. NENNI's conduct was outrageous because a reasonable person would regard the conduct as intolerable in a civilized community.

27

85      Javitch Block LLC is a big organization known that his power and superior position Debt Collection domain can cause harms to general public, especially to a debtor like Plaintiff, likely result in mental distress.

86      Javitch Block LLC and Mrs. NENNI intended to cause Plaintiff's emotional distress, or Javitch Block LLC and Mrs. NENNI acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

87      Javitch Block LLC and Mrs. NENNI knew that emotional distress would probably result from its individual conduct or Javitch Block LLC and Mrs. NENNI gave little or no thought to the probable effects of its conduct.

88      Plaintiff suffered severe emotional distress including suffering, anguish, fright, stress, nervousness, anxiety, worry, embarrassment, humiliation, and shame, headaches, and insomnia.

89      Javitch Block LLC and Mrs. NENNI's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

90      The intentional acts of the Defendants caused Plaintiff to suffer harm and economic damages, for the cost of medical, psychological and/or anxiety and stress treatment, and Plaintiff is informed and believes that he may incur damages in the future for the cost of future care, in amounts according to proof at trial.

91      In committing the acts alleged, Defendant Javitch Block LLC, and Mrs. Emily Louise NENNI have been guilty of malice, fraud, or oppression and, therefore, Plaintiff seeks an award of punitive damages against Defendant according to proof at trial.

92      The damages caused by Javitch Block LLC and Mrs. Emily Louise NENNI are well in excess of the minimum subject matter jurisdictional amount of this Court, and will be demonstrated according to proof.

28

93    WHEREFORE, Plaintiff demands judgment as hereafter set forth.

## PRAYER FOR RELIEF

1.  Damages to full extent for Violation of Plaintiff's Right under T.C.A § 28-3-105;

2.  Punitive Damage based on the willful, wanton, bad faith and intentional nature of the conduct of the Defendants;

3.  Damages to the fullest extent for Plaintiff's pain and suffering;

4.  Damages to the fullest extent for the violation of Common Law Action for Fraud

5.  Damages for Plaintiff' emotional pain and suffering resulting from Defendant(s) extreme and outrageous conducts, and the trebling of such Damages for the knowing willful, wanton nature of the Defendants Conduct.

6.  Pre-judgment and post-judgment interest, and all expenses that Plaintiff made litigating,

7.  Others and further relief as this court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims to which he has a right to a jury trial. Plaintiff hereby certifies under penalty of perjury that the above complaint is true to the best of his information knowledge and belief. The damages caused by Defendant are well in excess of the minimum subject matter jurisdictional amount of this Court, and will be demonstrated according to proof.

Dated: October 18, 2022                                      Respectfully submitted,



                                                             Mawule TEPE

29

# EXHIBIT



# Attorney Emily L. Nenni



(865) 805-9608

Mobile
(865) 805-9608

**History**



# ← Call history 

MAY 26, 2022

↙ **May 26 5:29 PM**
Incoming call, 1 min 28 secs

↗ **May 26 10:20 AM**
Outgoing call, 0 mins 56 sec

MAY 25, 2022

↙ **May 25 5:08 PM**
Missed call

JULY 23, 2021

↗ **Jul 23 11:30 AM**
Outgoing call, 1 min 3 secs

MAY 6, 2021

↗ **May 6 11:21 AM**
Outgoing call, 1 min 13 secs

MAY 5, 2021

↙ **May 5 10:26 AM**
Incoming call, 4 mins 51 sec

↗ **May 5 10:05 AM**
Outgoing call, 1 min 13 secs

Incoming call, 4 mins 51 sec

↗ **May 5 10:05 AM**
Outgoing call, 1 min 13 secs

**APRIL 28, 2021**

↗ **Apr 28 10:36 AM**
Outgoing call, 1 min 31 secs

↗ **Apr 28 10:05 AM**
Outgoing call, 1 min 18 secs

**APRIL 26, 2021**

↗ **Apr 26 11:51 AM**
Outgoing call, 0 mins 48 sec

**APRIL 16, 2021**

↙ **Apr 16 4:58 PM**
Incoming call, 2 mins 17 sec

**APRIL 5, 2021**

↗ **Apr 5 1:50 PM**
Outgoing call

**MARCH 30, 2021**

**Mar 30 3:32 PM**
Incoming call, 2 mins 44 sec