UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| MAWULE TEPE, | ) | |
|---|---|---|
| | ) | 1:22-CV-00264-DCLC-CHS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EMILY LOUISE NENNI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 14, 2023, the Court stayed the above-captioned matter, along with four other pending lawsuits filed by *pro se* Plaintiff Mawule Tepe, in order to "facilitate the efficient disposition of the pending motions and to protect the parties from the burden of unnecessary or duplicative litigation" [Doc. 49, pg. 3]. The stay was imposed mainly due to Tepe's pattern of prolific filing, which has flooded the Court's docket, consumed judicial resources, and, ultimately, delayed resolution of his meritorious claims. Moreover, Tepe has caused the parties to his numerous lawsuits to expend a considerable amount of time and money defending against frivolous allegations, and his lawsuits against each of the district judges who have presided over his cases has forced their recusal.[1] As the late President Harry S. Truman said, "The Buck Stops Here."

---

[1] In an unrelated matter, Tepe attempted to sue the undersigned as well the Department of Justice, the entire Eastern District of Tennessee, and others but because Tepe had not complied with the Court's order requiring pre-suit approval, the Court struck the complaint from the docket. *See Tepe v. Truist Financial Corporation*, 1:23-CV-93, Doc. 35 (E.D. Tenn. May 16, 2023).

1

I.  **BACKGROUND**

Including the instant action, Tepe has filed ten lawsuits—seven in this Court[2] and three in the Circuit Court for Bradley County, Tennessee which were subsequently removed to this Court[3]—which in some way stem from his former employment with Whirlpool Corporation and debt collection efforts by Bank of America. Although the Whirlpool and Bank of America litigation are wholly unrelated to one another, Tepe has managed to merge them in this action. Thus, the background of those cases is relevant to understanding the state of the proceedings in the instant matter.

A.  **Whirlpool Litigation**

Four of Tepe's lawsuits are linked to his former employment as a team leader at Whirlpool Corporation's Customer Experience Center in Cleveland, Tennessee. In May of 2019, he sued Whirlpool Customer Experience Center and various management personnel, alleging defamation, retaliation, harassment, discriminatory and hostile workplace, negligent supervision and promotion, breach of contract, intentional infliction of emotional distress, and violation of the Fair Labor Standards Act ("FLSA"). *Tepe v. Whirlpool Customer Experience Center, et al.*, 1:19-CV-158 (E.D. Tenn. May 24, 2019) ("*Whirlpool I*"). Upon motion of the defendants, the Court dismissed the claims pursuant to Fed.R.Civ.P. 12(b)(6), except Tepe's FLSA claim for unpaid

---

[2] *See Tepe v. Whirlpool Customer Experience Center, et al.*, 1:19-CV-158 (E.D. Tenn. May 24, 2019); *Tepe v. Javitch Block, LLC, et al.*, 1:21-CV-40 (E.D. Tenn. Mar. 3, 2021); *Tepe v. Bank of America, et al.*, 1:22-CV-111 (E.D. Tenn. May 9, 2022); *Tepe v. Bank of America*, 1:22-CV-231 (E.D. Tenn. Sep. 9, 2022); *Tepe v. Nelson, et al.*, 1:22-CV-252 (E.D. Tenn. Oct. 5, 2022); *Tepe v. Emily Louise Nenni, et al.*, 1:22-CV-264 (E.D. Tenn. Oct. 18, 2022); *Tepe v. United States*, 1:22-CV-275 (E.D. Tenn. Nov. 8, 2022).

[3] *See Tepe v. Whirlpool Corporation, et al.*, 1:20-CV-332 (E.D. Tenn. Dec. 2, 2020); *Tepe v. Whirlpool Corporation*, 1:22-CV-136 (E.D. Tenn. May 25, 2022); *Tepe v. Bank of America, N.A., et al.*, 1:22-CV-261 (E.D. Tenn. Oct. 14, 2022).

overtime wages against Whirlpool Customer Experience Center [*Id*. at Doc. 100]. This claim is still pending resolution.

On October 16, 2020, Plaintiff filed a similar action in the Circuit Court for Bradley County, Tennessee against Whirlpool Corporation and managers Mark Jones and Dakia Taylor, who then removed the action to this Court. *Tepe v. Whirlpool Corporation, et al.*, 1:20-CV-332 (E.D. Tenn. Dec. 2, 2020) ("*Whirlpool II*"). The claims asserted in *Whirlpool II* overlapped those in *Whirlpool I* and included employment discrimination, retaliation, breach of contract, promissory estoppel, promissory fraud, fraud, and misrepresentation [1:20-CV-332, Doc. 10]. Ultimately, the Court dismissed each of the claims in *Whirlpool II* pursuant to Fed.R.Civ.P. 12(b)(6) and entered final judgment dismissing the action with prejudice [*Id*. at Docs. 24, 25].

On April 6, 2022, Plaintiff filed another lawsuit in the Circuit Court for Bradley County, Tennessee against Whirlpool Corporation, which, again, removed the action to this Court. *Tepe v. Whirlpool Corporation*, 1:22-CV-136 (E.D. Tenn. May 25, 2022) ("*Whirlpool III*"). Due to Tepe's failure to property effect service of process, the Court dismissed the action without prejudice pursuant to Fed.R.Civ.P. 12(b)(5) and entered final judgment [1:22-CV-136, Doc. 26]. Tepe appealed and the Sixth Circuit Court of Appeals affirmed the judgment dismissing the action. *Tepe v. Whirlpool Corporation*, No. 22-5826 (6th Cir. June 2, 2023).

Finally, Plaintiff sued the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree") and attorney Lucille Lattimore Nelson ("Nelson"), who represented Whirlpool in the preceding litigation. *Tepe v. Nelson, et al.*, 1:22-CV-252 (E.D. Tenn. Oct. 5, 2022) ("*Whirlpool IV*"). Tepe asserted various claims against Ogletree and Nelson based upon allegations that, in litigating *Whirlpool I–III*, they "engaged in multiple unethical conducts, conspiracy, wrongful collusion, and interfere[ed] with [his] contractual relationship with Whirlpool Corporation,

3

commit[ed] perjury[,] misle[d] the Court in its ruling, abus[ed] process, [and] caus[ed] [him] emotional distress, reputation, and financial harm" [1:22-CV-252, Doc. 1, ¶ 1]. Due to the failure to state a claim upon which relief could be granted, the Court dismissed each of Tepe's claims against Ogletree and Nelson with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) and entered final judgment [*Id*. at Docs. 55, 56].

    **B.**    **Bank of America Litigation**

Tepe also filed four lawsuits related to Bank of America's ("the Bank") efforts to collect a credit card debt. By way of background, Tepe defaulted on his credit card payments and the Bank retained the law firm of Javitch Block, LLC to pursue a debt collection action against Tepe in state court. After Tepe and the Bank reached an agreement on payment terms, the state court approved and issued an Agreed Order entering judgment in favor of the Bank in the amount of $9,833.13 but allowing Tepe to satisfy the judgment by paying a total of $6,890.00 in accordance with a monthly payment plan. The Agreed Order further provided the Bank with the right to execute upon the outstanding balance of the judgment in the event Tepe failed to make timely payments. Tepe allegedly made monthly payments, including various overpayments, until Javitch Block demanded payment of the entire amount of the judgment based on the assertion that Tepe had breached the agreement by failing to pay a prior monthly installment in full.

Thereafter, Tepe initiated an action in this Court against Javitch Block and the Bank, alleging breach of contract, fraud, reckless and intentional breach of contract, violation of good faith and fair dealing and/or the Fair Debt Collection Practices Act ("FDCPA"), harassment or abuse in violation of the FDCPA, false or misleading representations under the FDCPA, violation of the Fair Credit Reporting Act ("FCRA"), and defamation. *Tepe v. Javitch Block, LLC, et al.*, 1:21-CV-40 (E.D. Tenn. Mar. 3, 2021) ("*Bank of America I*"). The Court dismissed each of Tepe's

4

claims against Javitch Block pursuant to Fed.R.Civ.P. 12(b)(6), dismissed the claims against the Bank without prejudice pursuant to Fed.R.Civ.P. 12(b)(5) for failure to properly effect service of process, and entered final judgment [1:21-CV-40, Docs. 41–44]. Although Tepe appealed, the Sixth Circuit Court of Appeals dismissed the appeal as untimely. *Tepe v. Javitch Block, LLC, et al.*, No. 22-5652 (6th Cir. Sept. 7, 2022).

Following the Court's dismissal of *Bank of America I* but before Tepe filed an appeal in that case, he filed another action asserting claims for breach of contract and implied covenant of good faith and fair dealing, intentional breach of contract, and fraud against the Bank, intentional interference with contract and aiding and abetting fraud against Javitch Block, and civil conspiracy and attempted extortion against both the Bank and Javitch Block. *Tepe v. Bank of America, et al.*, 1:22-CV-111 (E.D. Tenn. May 9, 2022) ("*Bank of America II*"). Tepe voluntarily dismissed the claims against the Bank and the Court dismissed the claims against Javitch Block with prejudice and entered final judgment [1:22-CV-111, Docs. 36, 72, 73].

Tepe filed two additional actions against the Bank—one in this Court on September 9, 2022, *Tepe v. Bank of America*, 1:22-CV-231 (E.D. Tenn. Sep. 9, 2022) ("*Bank of America III*"), and one in the Circuit Court for Bradley County, Tennessee on September 3, 2022, which the Bank removed to this Court on October 14, 2022, *Tepe v. Bank of America, N.A., et al.*, 1:22-CV-261 (E.D. Tenn. Oct. 14, 2022) ("*Bank of America IV*"). In both cases, Tepe realleged the claims asserted in *Bank of America II*, along with claims for promissory estoppel and intentional infliction of emotional distress [*See* 1:22-CV-231, Doc. 1; 1:22-CV-261, Doc. 1-1]. Tepe also asserted additional claims in *Bank of America III* for fraudulent concealment and civil racketeering [1:22-CV-231, Doc. 1]. On March 6, 2023, the Court consolidated the two cases and, pursuant to Fed.R.Civ.P. 12(b)(6), dismissed all claims except the claim for breach of contract and implied

covenant of good faith and fair dealing [1:22-CV-231, Doc. 36; 1:22-CV-261, Doc. 37]. *Bank of America III* has been designated as the lead case and the remaining claim is still pending resolution.

### C. The Instant Action

On October 18, 2022, Tepe initiated the instant action against Javitch Block and Emily Louise Nenni ("Nenni"), the attorney who represented Javitch Block in *Bank of America I* and *II* [*See* Doc. 1]. Tepe alleged that Nenni "engaged in unethical and unlawful conducts" and, as a result, *Bank of America I* "was unjustly dismissed" and *Bank of America II* "went on appeal" [*Id*. at ¶ 1]. Therefore, he sought to hold Nenni "liable for her unlawful actions" and Javitch Block personally and/or vicariously liable for the same [*Id*.]. Specifically, he asserted the following claims: (1) civil conspiracy; (2) perjury in violation of 18 U.S.C. § 1621; (3) false statement in violation of 18 U.S.C. § 1001; (4) obstruction of justice in violation of 18 U.S.C. § 1505; (5) fraudulent concealment; (6) abuse of process; (7) fraud; (8) violation of the Tennessee Rules of Professional Conduct, TN Sup. Ct. R. 8; and (9) intentional infliction of emotional distress [*Id*. at ¶¶ 25–92].

Javitch Block and Nenni moved to dismiss the Complaint [Doc. 4] and Tepe moved to strike the motion to dismiss, alleging that Javitch Block and Nenni failed to meet and confer with him prior to filing the motion [Doc. 8]. On October 27, 2022, the then-presiding judge, United States District Judge Curtis L. Collier, denied Tepe's motion to strike and stayed the action pending interlocutory appeals in *Bank of America II* [Doc. 12]. Shortly thereafter, Tepe initiated a separate action against, among others, Judge Collier and the assigned magistrate judge, United States Magistrate Judge Susan K. Lee. *See Tepe v. United States, et al.* 1:22-CV-275 (E.D. Tenn. Nov. 8, 2022). As a result, the instant matter along with each of the Whirlpool and Bank of America

actions were reassigned to Chief United States District Judge Travis R. McDonough [*See* Docs. 13, 15, 16].

On February 15, 2023, Judge McDonough held a hearing to address case management, scheduling, and pending motions in each of Tepe's lawsuits. At the hearing, Tepe represented that he intended to file an amended complaint in the instant matter rather than substantively respond to the pending motion to dismiss [Doc. 27, pg. 7]. Thus, Judge McDonough gave Tepe until March 9, 2023 to either file an amended complaint or respond to the motion to dismiss [*Id*. at pg. 8].[4] In permitting Tepe to file an amended complaint, however, Judge McDonough specified:

> Tepe is hereby put **ON NOTICE** that any amended complaints filed . . . **SHALL NOT** include claims previously asserted against any of the defendants in previously-filed actions. Tepe is also hereby put **ON NOTICE** that his amended complaints **SHALL NOT** seek to relitigate matters already decided by the Court, including but not limited to, attempting to reassert claims that the Court has previously dismissed with prejudice.

[*Id*.](emphasis in original). Judge McDonough also permanently enjoined Tepe from filing any new lawsuit in this Court without leave due to his "pattern of repetitive and vexatious litigation" and "attempting to collaterally attack prior unsuccessful suits" [Doc. 28].

Thereafter, Tepe moved for Judge McDonough to recuse pursuant to 28 U.S.C. §§ 144 and 455 [Doc. 30]. When that motion was denied [*See* Doc. 31], Tepe filed a notice informing that he had filed a motion to amend his pending appeal of *Whirlpool III* in order to appeal the Court's latest rulings in each of his cases and moved for a stay of all deadlines while waiting on the Sixth Circuit's decision [Doc. 32]. Because Tepe had "indicated that his proposed amendments to his

---

[4] Judge McDonough also granted Tepe's motion to lift the stay [Doc. 22] considering the Sixth Circuit's dismissal of the appeals in *Bank of America II* [Doc. 27, pg. 7 n.4]; *see Tepe v. Bank of America, et al.*, No. 22-5649 (6th Cir. Nov. 10, 2022); *Tepe v. Bank of America, et al.*, No. 22-5882 (6th Cir. Nov. 29, 2022).

7

appeal [were] based on the same frivolous arguments he advanced in this Court[,]" Judge McDonough denied the motion to stay [Doc. 33].

On March 9, 2023, as directed, Tepe filed his First Amended Complaint [Doc. 35]. In addition to his original claims against Javitch Block and Nenni, Tepe added 13 causes of action and 16 new defendants, including Judge McDonough, Clerk's Office personnel, the Department of Justice, the United States, Whirlpool Corporation and its management personnel, Bank of America, the attorneys who appeared in each of Tepe's prior lawsuits, and the attorneys' respective law firms [*Id.*]. Thereafter, Javitch Block and Nenni moved to strike the First Amended Complaint and require Tepe to show cause why an expanded pre-filing injunction should not issue to prevent further baseless litigation [Doc. 38], the Whirlpool Defendants moved to dismiss or, in the alternative, strike the First Amended Complaint [Doc. 43], and Judge McDonough entered an Order of Recusal [Doc. 48].

Following Judge McDonough's recusal, the instant action along with Tepe's four other open and pending lawsuits were reassigned to the undersigned [Doc. 48] and pursuant to the inherent power to control the disposition of the Court's docket, the undersigned stayed each of the actions. Based upon a comprehensive review of the record in this case, the Court finds that various claims asserted in the First Amended Complaint must be stricken, and the action must be dismissed due to lack of subject matter jurisdiction.

**II.    DISCUSSION**

In granting Tepe leave to file his First Amended Complaint, the Court expressly admonished that he could neither reallege claims that he had previously asserted nor seek to relitigate matters already decided by the Court. Despite this express directive, Tepe added 13

8

causes of action which seek to relitigate issues decided in the very Order containing the directive not to do so and contain claims that have been dismissed with prejudice in a previous action.

The first nine counts of the First Amended Complaint are based on allegations that the attorneys appearing in each of Tepe's lawsuits are not admitted to practice law, that the Court's electronic case filing ("ECF") policy allowing electronic signatures on orders and judgments is unconstitutional, and that the attorneys have filed baseless and illegal motions resulting in wrongful dismissal. The Court resolved the challenge to the attorneys' qualifications to practice law at the February 15, 2023 hearing [*See* Doc. 34, pgs. 31–34] and in the Order denying Tepe's motion to disqualify the attorneys [*See* Doc. 27, pg. 6]. The Court also previously rejected Tepe's challenge to the Court's ECF policies [*Id*. at pgs. 4–5]. Finally, any attack on motions resulting in dismissal is an indirect attempt to challenge the Court's rulings on those motions. Because each of the foregoing claims are brought in direct contravention of the Court's express order prohibiting Tepe from relitigating matters already decided by the Court, the first nine claims in the First Amended Complaint are **STRICKEN**.

The remaining claims in the First Amended Complaint are brought against the original parties Javitch Block and Nenni. Those claims consist of: (1) intentional interference with contract; (2) intentional interference with prospective economic advantage; (3) aiding and abetting fraud; (4) two claims for fraudulent concealment; (5) civil conspiracy; (6) attempted extortion; (7) violation of the Tennessee Rules of Professional Conduct, TN Sup. Ct. R. 8; (8) perjury in violation of 18 U.S.C. § 1621; (9) false statement in violation of 18 U.S.C. § 1001; (10) obstruction of justice in violation of 18 U.S.C. § 1505; (11) abuse of process; and (12) fraud [Doc. 35, ¶¶ 170–257].

Tepe attempted to assert the first seven of the aforementioned claims in *Bank of America II* in his Second Amended Complaint [1:22-CV-111, Doc. 37-1] which was stricken as improperly

filed under Fed.R.Civ.P. 15 [*Id*. at Doc. 45]. In that same case, the Court dismissed with prejudice claims against Javitch Block for intentional interference with contract, aiding and abetting fraud, civil conspiracy, and attempted extortion [*Id*. at Doc. 72]. Accordingly, Tepe filed each of those claims in direct violation of the Court's Order prohibiting him from attempting to reassert claims that the Court has previously dismissed with prejudice. Even setting all of that aside, however, the Court lacks subject matter jurisdiction to hear these remaining claims.

"[F]ederal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Com. Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998); *see Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Federal courts have subject matter jurisdiction over civil actions (1) "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. 1331 (federal question jurisdiction), and (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States," 28 U.S.C. § 1332(a) (diversity jurisdiction). Neither basis for jurisdiction exists here.

As for diversity jurisdiction, "there must be complete diversity," *U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992), which "exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citation omitted). Because Tepe and Nenni are both citizens of Tennessee, complete diversity does not exist and diversity jurisdiction is not supported. Turning to federal question jurisdiction, Tepe purports to assert various claims under federal statutes, including perjury, 18 U.S.C. § 1621; false statement, 18 U.S.C. § 1001; and obstruction of justice, 18 U.S.C. § 1505. However, these are federal criminal statutes, which do not create a private right of action. *Am. Postal Workers Union v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir.

1973) (holding that "the general rule is that a private right of action is not maintainable under a criminal statute"). Thus, the only claims asserted by Tepe which could potentially invoke this Court's jurisdiction "lack the legal plausibility necessary" to do so. *Apple v. Glenn*, 183 F.3d 477, 480 (6th Cir. 1999). Therefore, each of the claims against Javitch Block and Nenni must be dismissed for lack of subject matter jurisdiction. *See id*. at 479.

## III. CONCLUSION

For the reasons provided herein, the claims in the First Amended Complaint [Doc. 35], as specified above, are **STRICKEN** from the record and the newly added defendants are **DISMISSED** from this action. The remaining claims against Javitch Block and Nenni are **DISMISSED** pursuant to Fed.R.Civ.P. 12(b)(1), and all pending motions in this action are **DENIED AS MOOT**. A separate judgment shall enter.

SO ORDERED:

_____
United States District Judge

11

Case 1:22-cv-00264-DCLC-CHS   Document 77   Filed 06/20/23   Page 11 of 11   PageID #: 1188